# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

ROBERT LEE SAMULAK,                      Case No. 17-13771
                                              Bankruptcy Case No. 16-51819

    Debtor.
_____/

ROBERT LEE SAMULAK,

    Appellant,

v.

CARRINGTON MORTGAGE SERVICES, LLC,

    Appellee.
_____/

## OPINION AND ORDER DISMISSING NOTICE OF APPEAL

Appellee Carrington Mortgage Services, LLC ("Carrington") moves this court to dismiss Appellant Robert Lee Samulak's "Notice of Appeal from Bankruptcy Court." (Dkt. #8.) Carrington argues that this court lacks jurisdiction to hear Samulak's appeal because it was untimely. Samulak filed a response (Dkt. #14) and Carrington a reply (Dkt. #17). The court has determined that a hearing is unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the court's process would not be aided by oral argument. *See* Fed. R. Bankr. P. 8019(b); E.D. Mich. L.R. 7.1(f)(2). For the following reasons, Carrington's motion is granted.

### I. BACKGROUND

In October 2016, Samulak filed an Adversary Complaint in the U.S. Bankruptcy Court seeking to void his mortgage debt. (*See* Bankr. E.D. Mich. No. 16-04944-mar.)

Carrington moved to dismiss, and the Bankruptcy Court granted Carrington's motion in January 2017. Ten months later, Samulak moved for relief from judgment. The Bankruptcy court denied the motion on October 24, 2017. Samulak filed his Notice of Appeal on November 20, 2017—27 days after the Bankruptcy Court denied his motion for relief.

## II. STANDARD

A party appealing the decision of bankruptcy court must file his notice of appeal within 14 days after the decision is entered. Fed. R. Bankr. P. 8002(a). An appellant may extend the time to file a notice of appeal, however, by filing a motion in the bankruptcy court either (1) within the 14-day window prescribed for appeals, or (2) "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1).

The court lacks jurisdiction to hear an appeal that is not timely filed. *In re LBL Sports Ctr., Inc.*, 684 F.2d 410, 412 (6th Cir. 1982). The court similarly lacks jurisdiction to evaluate whether a party has demonstrated excusable neglect—such a determination is left to the discretion of the Bankruptcy Court. *Id.*; *see also In re Crider*, No. 98-2376, 2000 WL 191823, at *3 (6th Cir. 2000) (unpublished table decision) ("This court has clearly stated that neither the district court nor the circuit court is authorized to entertain the merits of an excusable neglect claim.").

## III. DISCUSSION

Carrington argues that Samulak's Notice of Appeal must be dismissed because it was indisputably filed outside the 14-day window within which Samulak was required to

file. And even if Samulak had some excusable neglect for filing outside that window, according to Carrington, the proper procedure was to ask the Bankruptcy Court for more time.

Samulak, for his part, does not dispute that his Notice of Appeal was filed late. Rather, Samulak argues that he was never properly served with a copy of the Bankruptcy Court's order on his motion for relief from judgment. Samulak avers that his "email program, Microsoft Outlook, and [his] Internet Service Provider (ISP), encountered technical difficulties, which prohibited [him] from receiving any email notifications," including entry of the Bankruptcy Court's October 24 order denying relief from judgment. (Dkt. #14 Pg. ID 54.) Moreover, as an unrepresented party, Samulak is required to be served by mail. Fed. R. Bankr. P. 8011(c)(1). Samulak says that service of proper was never completed because the bankruptcy court's order "was served by CM/ECF electronic mail only." (*Id.*) According to Samulak, he learned of the Bankruptcy Court's order only because he happened to do a check of the CM/ECF docket on November 9, 2017. He then filed his Notice of Appeal 12 days later, on November 21. Samulak argues that the doctrine of equitable tolling should apply to his claim.

The court agrees with Carrington. First, Samulak is incorrect that the Bankruptcy Court's order on his motion for relief was improperly served. The Bankruptcy Court docket contains a certification that the order was "Mailed on October 24, 2017 by the United States Postal Service to Robert Lee Samulak" at his address. (Bankr. E.D. Mich. No. 16-04944-mar.) The order having been properly mailed to Samulak, his issues with internet and email are inapposite.

Regardless, this court was not the proper place to assert either improper service or excusable neglect. If Samulak wished to receive an extension of time within which to file his appeal, the appropriate course was to move the Bankruptcy Court for such an extension. Fed. R. Bankr. P. 8002(d)(1). He did not do so.

This court lacks jurisdiction over an appeal that was not timely filed. *In re LBL Sports*, 684 F.2d at 412. Moreover, this court lacks the power to entertain questions of excusable neglect. *Id.* This is so even where an appellant claims that he never received a copy of the order from which he appeals. *See In re Johnson*, No. 03-3471, 2003 WL 22746082, at *1 (6th Cir. 2003) (unpublished table decision) (holding that the Bankruptcy Appellate Panel properly dismissed appellant's untimely appeal even where appellant claimed that the delay was "due to his having not received a copy of the judgment order"). Having no jurisdiction over Samulak's appeal, this court must dismiss it. Accordingly,

IT IS ORDERED that Appellee Carrington Mortgage Services, LLC's Motion to Dismiss (Dkt. #8) is GRANTED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: February 11, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2018, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522